**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS DANIEL SANCHEZ,<br><br>                          Plaintiff,<br><br>   v.<br><br>SYNCHRONY BANK N.A.,<br><br>                          Defendant. | Case No. 26-cv-03167-BAS-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF No. 7)** |

Presently before the Court is Plaintiff Marcos Daniel Sanchez's Motion to Remand. (ECF No. 7.)

On March 19, 2025, Plaintiff filed a lawsuit against Defendant Synchrony Bank N.A. in the Superior Court of California, County of San Diego.  (ECF No. 1-2.)  On May 20, 2026, Defendant removed the case from the Superior Court of the State of California to this Court.  (ECF No. 1.)

Plaintiff moves for the Court to remand the present action to the Superior Court of California, County of San Diego pursuant to 28 U.S.C. § 1447(c) on the following purported grounds: (1) lack of federal diversity; (2) the amount of controversy does not exceed $75,000; (3) Defendant's Notice of Removal (ECF No. 1) was filed more than 30 days after service of the Complaint; (4) 12 U.S.C. § 94 imposes a limitation on Defendant's

- 1 -

ability to remove cases as a "federal savings association"; and (5) the Court lacks federal question jurisdiction.  (ECF No. 7.)

The Court finds that it has federal question jurisdiction—since Plaintiff's complaint asserts several causes of action under federal statutes and regulations (*see* ECF No. 1-2 (Counts 4, 5, 6, 7, 10, 11)).  *See* 28 U.S.C. § 1331.

Since the Court possesses federal question jurisdiction, statutory requirements for federal diversity and amount in controversy do not need to be met.  *See, e.g., Clarke v. Upton*, No. CVF-07-888OWW/SMS, 2007 WL 2875143, at *4 (E.D. Cal. Oct. 3, 2007) ("Jurisdiction on the basis of a federal question does not require diversity of citizenship or a base amount in controversy"); *Andrus v. Charlestone Products Co.,* 436 U.S. 604, 607 n. 6 (1978) (observing that the former version of the general federal question statute (28 U.S.C. § 1331) was amended in 1976 to omit an amount in controversy requirement); *Nakaranurack v. United States,* 231 F.3d 568, 571 (9th Cir.2000) (observing that Congress has "eliminated the amount in controversy requirement for federal question cases").

Moreover, under 28 U.S.C. § 1446(a), Plaintiff timely removed the action within 30 days of receiving Plaintiff's complaint in in the Superior Court of California, County of San Diego.  (*See* ECF No. 1 (Defendant removed the case on May 20, 2026 after personally being served the complaint on April 20, 2026)); and 12 U.S.C. § 94 does not impose restrictions upon covered entities' procedural right to remove a case from state to federal court.

Thus, the Court **DENIES** Plaintiff's Motion to Remand.  (ECF No. 7.)

**IT IS SO ORDERED.**

**DATED: July 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv3167