UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS DANIEL SANCHEZ,<br><br>                              Plaintiff,<br><br>        v.<br><br>SYNCHRONY BANK N.A.,<br><br>                              Defendant. | Case No. 26-cv-03167-BAS-VET<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE (ECF No. 3)** |

Presently before the Court is Defendant Synchrony Bank N.A.'s motion to dismiss Plaintiff's claims with prejudice ("Motion"). (ECF No. 3.)  For the reasons below, the Court **GRANTS IN PART** Defendant's Motion.  The Court dismisses all causes of action, but declines to dismiss them all with prejudice.

## I.     BACKGROUND

Plaintiff Marcos Daniel Sanchez is self-represented.  According to his Complaint, he maintained foreign-currency accounts with Defendant.  (ECF No. 1-2 ¶ 7.)  The Complaint alleges various violations of federal law involving allegedly false adverse entries to credit bureaus (*i.e.*, Equifax, Experian, and TransUnion).  (*Id*. ¶ 10(a).)  Defendant's reporting produced three concrete harms: Plaintiff's accounts were frozen, he

- 1 -

was denied credit-line increases, and negative marks appeared and persisted on his credit reports. (*Id.* ¶ 10(b).) Plaintiff also references an "Original Agreement" that allegedly disclosed the "securitization" of his "CAP name" (his capitalized name, "MARCOS DANIEL SANCHEZ") to an unnamed person. (*Id.* ¶ 15(a).)

Plaintiff initially sued Defendant Synchrony Bank N.A. in the Superior Court of California, County of San Diego. (*Id.*) Plaintiff's complaint brings the following causes of action (*Id.* ¶¶ 20–47):

1. Count 1: Breach of Fiduciary Duty (12 U.S.C. §§ 1841, 1843(f), 1847; 12 C.F.R. § 5.34);

2. Count 2: "Intentional Enrichment" / Foreign-Commerce Violations (12 U.S.C. §§ 503, 615, 461b; 15 U.S.C. § 78c; 15 C.F.R. Part 734);

3. Count 3: U.C.C. Conversion / "WITHOUT RECOURSE" (Cal. U.C.C. §§ 3103, 3301);

4. Count 4: Sherman Act §§ 1 & 2;

5. Count 5: Deprivation of Rights Under Color of Law ("15 U.S.C. § 242");

6. Count 6: Government Obligation (12 C.F.R. § 351.12);

7. Count 7: Coercion, Duress, and Racketeering (12 U.S.C. § 411);

8. Count 8: Fraudulent Securitization Disclosure;

9. Count 9: Fraud under U.C.C. § 3-305(a)(1)(iii);

10. Count 10: 31 C.F.R. § 328.5 ("Special Endorsement Rights");

11. Count 11: 15 U.S.C. § 1605 (Finance Charges / Collusion); and

12. Count 12: U.C.C. § 2-311 (Good-Faith Cooperation).

On May 20, 2026, Defendant removed the case from the Superior Court of the State of California to this Court. (ECF No. 1.) Defendant filed a motion to dismiss Plaintiff's claims. (ECF No. 3.) Plaintiff opposed Defendant's motion to dismiss.[1] (ECF No. 8.)

## II.    LEGAL STANDARD

---

[1] Since the Court has denied Plaintiff's separate motion to remand (ECF No. 13), the Court does not address Plaintiff's request to remand the case in his opposition to Defendant's motion to dismiss.

26cv3167

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss based on the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

## III.    ANALYSIS

### A.    Count 1: Breach of Fiduciary Duty (12 U.S.C. §§ 1841, 1843(f), 1847; 12 C.F.R. § 5.34)

Plaintiff alleges Defendant breached its fiduciary "duties of care and disclosure" by failing to make material disclosures required under federal law. More specifically, Plaintiff cites federal laws 12 U.S.C. §§ 1841, 1843(f), 1847; 12 C.F.R. § 5.34—none of which, as Defendant points out (ECF No. 3 at 15:6–22) impose fiduciary duties upon banks or permit a private cause of action. This alone is sufficient grounds to dismiss Plaintiff's claims under Count 1.

Under California law, "[t]he elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Stanley v. Richmond*, 35 Cal.App.4th 1070, 1086 (1995). Typically, "[t]he relationship between a bank and its depositor is not fiduciary in character but, rather, founded on contract . . . which is ordinarily memorialized by a

26cv3167

signature card that the depositor signs upon opening the account." *Chazen v. Centennial Bank*, 61 Cal.App.4th 532, 537 (1998) (internal citations omitted).

Next, though banks may owe depositors a duty of care (separate from a fiduciary duty) in certain circumstances under California law, Plaintiff has not alleged any of those circumstances here. *See, e.g., The L. Firm of Fox & Fox v. Chase Bank, N.A.*, 95 Cal. App. 5th 182, 200–01 (2023) ("Banks owe a long-recognized duty of care to their depositors . . . including to ensure a person making a withdrawal has authority to do so"); *Bullis v. Security Pac. Nat. Bank*, 21 Cal.3d 801, 808 (1978) (a bank has "a duty to act with reasonable care in its transactions with its depositors"); *Basch v. Bank of America*, 22 Cal.2d 316, 321 (1943) ("[A] bank pays a forged check at its peril"); *Pacific Finance Corp. v. Bank of Yolo*, 215 Cal. 357, 361 (1932) (banks have a duty to ensure funds are not "improperly disbursed").

Thus, the Court **GRANTS** Defendant's motion to dismiss. (ECF No. 3.) Since Plaintiff may amend his claim to plead a breach of duty of care under California law, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for breach of fiduciary duty (Count 1).

**B.   Count 2: "Intentional Enrichment" / Foreign-Commerce Violations (12 U.S.C. §§ 503, 615, 461b; 15 U.S.C. § 78c; 15 C.F.R. Part 734)**

Plaintiff alleges Defendant engaged in "intentional enrichment" by "knowingly retained currency gains and fees" in violation of an array of banking and export provisions. (ECF No. 1-2 ¶¶ 23–25.)

"The elements for a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.' " *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1132 (2014). "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Id.* Though Plaintiff claims Defendant "knowingly retained currency gains and fees" (ECF No. 1-2 ¶ 24), Plaintiff does not provide justification for why such

- 4 -

26cv3167

retention is "unjust" or "at the expense of another." *Prakashpalan*, 223 Cal.App.4th at 1132.

Next, as Defendant argues (ECF No. 3 at 17:3–17:16), Plaintiff alleges that the relationship between Plaintiff and Defendant is governed by the "original agreement"—an express contract—and repeatedly evokes "his contractual rights." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010); *see also Huffman v. JP Morgan Chase Bank, N.A.*, No. 24 5653, 2026 WL 396536, at *1 (9th Cir. Feb. 12, 2026) (unjust enrichment fails where Deposit Account Agreement governed relationship under similar state law).

Lastly, as Defendant points out (ECF No. 3 at 17:17–18:13), Plaintiff's "Foreign-Commerce Violations" are brought under federal laws that do not provide private rights of action (12 U.S.C. §§ 503, 615, 461b; 15 U.S.C. § 78c; 15 C.F.R. Part 734).

Thus, the Court **GRANTS** Defendant's motion to dismiss. (ECF No. 3.) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for unjust enrichment (Count 2).

**C. Count 3: U.C.C. Conversion / "WITHOUT RECOURSE" (Cal. U.C.C. §§ 3103, 3301)**

As an initial matter, Plaintiff's cited provisions of the California Uniform Commercial Code (Cal. Com. Code §§ 3103, 3301) do not provide a private cause of action for conversion. This alone is sufficient grounds to dismiss Plaintiff's claims under Count 3.

Next, from what the Court can discern, Plaintiff brings a claim for conversion against Defendant for declining to pay out or credit Plaintiff's self-endorsed instruments under the California Uniform Commercial Code. (ECF No. 1-2 ¶¶ 16, 26–27 (Defendant allegedly "improperly credited or converted" Plaintiff's negotiable instruments bearing his "without recourse" endorsement).) As Defendant argues (ECF No. 3 at 18:14–19:5), Plaintiff fails to go beyond conclusory allegations (*i.e.*, improperly credited or converted) to describe the facts underlying Plaintiff's conversion cause of action. *Twombly*, 550 U.S. at 556 (Rule 8

26cv3167

"requires a complaint with enough factual matter (taken as true) to suggest" that a violation has occurred).

Moreover, the Court cannot ascertain what provision of the California Uniform Commercial Code Plaintiff is alleging Defendant violated in his conversion cause of action. Although there are some U.C.C. provisions dealing with conversion, none of them are applicable to the facts alleged in Plaintiff's Complaint.

For example, under Cal. Com. Code § 3420(a), a plaintiff can bring an action against a bank where "[a]n instrument is . . . converted . . . [because] it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." *Id*.  But, "[a]n action for conversion of an instrument may not be brought by . . . a payee or <u>indorsee</u> who did not receive delivery of the instrument." *Id.* (emphasis added).  Given that Plaintiff is the alleged endorser of the alleged instrument (ECF No. 1-2 ¶ 16(a) ("For value received, pay to the order of [payee] without recourse — [signed] Marcos D. Sanchez, Attorney in Fact for Marcos Daniel Sanchez")), Plaintiff cannot bring a claim under Cal. Com. Code § 3420 for conversion.

As another example, under Cal. Com. Code § 3419, a plaintiff can bring a cause of action for conversion of an instrument against a bank "when . . . [the instrument] is paid on a forged endorsement" and where the plaintiff is the payee of the instrument.  *Id*. However, here Plaintiff does not allege the instrument was paid or the endorsement (by Plaintiff himself) was forged.

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for conversion under the California Uniform Commercial Code (Count 3).

### D.    Count 4: Sherman Act §§ 1 & 2 (15 U.S.C. §§ 1 & 2)

To plead antitrust injury under the Sherman Act, the plaintiff must allege "(1) unlawful conduct, (2) causing an injury to [the plaintiff], (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to

26cv3167

prevent." *See Realtek Semiconductor Corp. v. MediaTek, Inc.*, 769 F. Supp. 3d 1067, 1092 (N.D. Cal. 2025) (citing *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 832 (9th Cir. 2022)).

Here, Plaintiff claims Defendant violated Sherman Act, 15 U.S.C. §§ 1, 2 by submitting false adverse entries to credit bureaus (*i.e.*, Equifax, Experian, and TransUnion). (*See* ECF No. 1-2 ¶¶ 28–29.) More specifically, Plaintiff alleges Defendant's reporting to credit bureaus "unreasonably restrains trade in the market for banking and credit-reporting services." Plaintiff also alleges coordinated false reporting among Defendant and credit bureaus is "an exclusionary practice designed to monopolize the credit-reporting market." (ECF No. 1-2 ¶¶ 11(b), 29.) However, as Defendant asserts (ECF No. 3 at 19:21–20:11), Plaintiff fails to allege how Defendant's conduct—furnishing data to credit bureaus—is an unlawful conspiracy prohibited by antitrust law. *Twombly*, 550 U.S. at 557 (A "bare assertion of conspiracy will not suffice"); *see also* 15 U.S.C.A. § 1681(a) (The "banking system is dependent upon fair and accurate credit reporting" around which an "elaborate mechanism has been developed for investigating and evaluating [] credit worthiness.").

Additionally, as Defendant points out (ECF No. 3 at 20:12–21:5), Plaintiff also fails to allege how the harm suffered by Plaintiff (*i.e.*, frozen accounts, denied credit-line increases, and negative marks persisting on his credit reports) (ECF No. 1-2 ¶ 10(b)) is "the type the antitrust laws were intended to prevent." *PLS.Com, LLC*, 32 F.4th at 832; *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1034 (9th Cir. 2001) (quoting *Rebel Oil Co. v. ARCO*, 51 F.3d 1421, 1433 (9th Cir. 1995)) (To "show antitrust injury, a plaintiff must prove that his loss flows from an anticompetitive aspect or effect of the defendant's behavior.").

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim under the Sherman Act (Count 4).

### E.    Count 5: Deprivation of Rights Under Color of Law ("15 U.S.C. § 242")

26cv3167

As an initial matter, Plaintiff cites federal law 15 U.S.C. § 242—which neither provides a cause of action for deprivation of rights under color of law nor permits a private cause of action. (ECF No. 1-2 ¶¶ 30–31.) This alone is sufficient grounds to dismiss Plaintiff's claims under Count 5.

Even when construing Plaintiff's claim as an 18 U.S.C. § 1983 claim for deprivation of rights under color of law, the defendant must engage in a state action. As Defendant argues (ECF No. 3 at 21:6–22:11), Plaintiff has not alleged any circumstances in which Defendant—a private bank—could have engaged in a state action. *See, e.g., Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (setting out test for state action); *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (credit reporting has never been "both traditionally and exclusively governmental" and therefore does not satisfy the public-function test); *Bailey v. Harleysville Nat'l Bank & Trust,* No. 05–4352, 2006 WL 2009329, at *2 (3d Cir. July 18, 2006) ("[B]anks have been found not to be state actors, despite extensive regulation, even when their complained-of actions have been explicitly authorized by the state . . . The bank is not a state actor.").

Since Plaintiff cannot bring constitutional claims against Defendant—as a private bank—the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** Plaintiff's claim for deprivation of rights under color of law (Count 5). *See Potts v. Crosby Indep. Sch. Dist.,* No. 05–20615, 2006 WL 2985939 (5th Cir. Oct. 18, 2006) (dismissing with prejudice pro se plaintiff's § 1983 claim against bank dismissed as conclusory because, even liberally construed, the bank was not a state actor and did not act under color of state law).

### F.     Count 6: Government Obligation (12 C.F.R. § 351.12)

Plaintiff alleges Defendant's conduct breaches "the statutory obligation of the United States Government to ensure covered financial activities serve the public interest" under 12 C.F.R. § 351.12. (ECF No. 1-2 ¶¶ 33–37.)

Again, Defendant is a private bank, and cannot be counted as an actor of the federal government. (*See* ECF No. 3 at 22:12–23.) In addition, 12 C.F.R. § 351 does not create a

26cv3167

private right of action.  Put differently, even if Defendant were an actor of the federal government, Plaintiff cannot enforce a private action against Defendant.

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** Plaintiff's claim for imposing the federal government's statutory duty under 12 C.F.R. § 351.12 upon Defendant (Count 6).

### G.    Count 7: Coercion, Duress, and Racketeering

Plaintiff alleges Defendant used "coercive threats, duress, and racketeering-type behavior" to force the "Original Obligor" into an unfavorable position in violation of 12 U.S.C. § 411.  (ECF No. 1-2 ¶¶ 34–35.)

As an initial matter, 12 U.S.C. § 411 states only that Federal Reserve notes are U.S. obligations and legal tender.  It does not provide for a cause of action, or discuss coercion, duress, or racketeering.  This alone is sufficient grounds to dismiss Plaintiff's claims under Count 7.

Next, as Defendant argues (ECF No. 3 at 22:24–23:19), most of Plaintiff's other cited statutes against Defendant—18 U.S.C. §§ 1005 (prohibiting false credit entries), 1951 (prohibiting extortion), 15 U.S.C. § 78c—do not provide private rights of action.  *See Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006) (A plaintiff cannot bring civil claims "based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability.").

Further, though 12 U.S.C. § 1972 can involve a private right of action under 12 U.S.C. § 1975, Plaintiff fails to allege an "anti-competitive tying arrangement" and how such arrangement could benefit Defendant (*see* ECF No. 3 at 2:15–26).  *S & N Equip. Co. v. Casa Grande Cotton Fin. Co.*, 97 F.3d 337, 345 (9th Cir. 1996) (quotations omitted) ("To establish a violation of § 1972, a plaintiff must show that (1) the banking practice in question was unusual in the banking industry, (2) an anti-competitive tying arrangement existed, and (3) the practice benefits the bank.").

26cv3167

Lastly, to plead a civil claim under Section 1964(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, Plaintiff must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). Plaintiff's vague and conclusory allegation that Defendant engaged in "racketeering-type behavior" (ECF No. 1-2 ¶ 35) falls short of identifying predicate acts qualifying as "racketeering" as defined by 18 U.S.C. § 1961 (*see* ECF No. 3 at 24:27–25:9).

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for coercion, duress, and racketeering (Count 7).

### H.    Count 8: Fraudulent Securitization Disclosure

Plaintiff alleges Defendant engaged in "fraudulent securitization disclosure" because the "securitization of the 'CAP name' " was "fully disclosed in the Original Agreement," and any omission or misrepresentation of that securitization is fraud. (ECF No. 1-2 ¶¶ 15, 36–37.)

There is no cause of action by the name "fraudulent securitization disclosure" in either California or federal law. From the named cause of action, the Court construes Plaintiff's claim as one "sounding in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). In federal court, claims sounding in fraud must satisfy Rule 9(b), in that they must specify "the times, dates, places, benefits received, and other details of the alleged fraudulent activity" such that the defendant has "notice of the particular misconduct which is alleged to constitute the fraud." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 765 (9th Cir. 2023) (citation and internal quotation marks omitted).

Here, beyond failing to cite any state or federal law that prohibits Defendant's alleged "fraudulent securitization disclosure" as fraudulent misconduct, Plaintiff also does

- 10 -

26cv3167

not provide any times, dates, places, or benefits derived from such disclosure. *Glazer Cap. Mgmt., L.P.*, 63 F.4th at 765.

Thus, the Court agrees with Defendant that Plaintiff has failed to meet the standards of pleading fraud set forth by Rule 9(b) (ECF No. 3 at 25:10–21), and **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for "fraudulent securitization disclosure" (Count 8).

**I.      Count 9: Fraud under U.C.C. § 3-305(a)(1)(iii)**

Plaintiff alleges Defendant engaged in fraud under the Uniform Commercial Code § 3-305(a)(1)(iii) by misrepresenting the instruments' terms, failure to disclose material facts, and improper handling of the "without recourse" endorsements.  (*See* ECF No. 1-2 ¶¶ 38–39.)

However, as Defendant points out (ECF No. 3 at 25:22–26:4), U.C.C. § 3-305(a)(1)(iii) is a state provision providing a defense against a breach of contract claim— whereby an obligor can assert fraud when someone enforces an instrument against her. Thus, Plaintiff cannot cite U.C.C. § 3-305(a)(1)(iii) to affirmatively bring a claim.

To the extent Plaintiff's claim "sounds in fraud," Plaintiff again fails to provide details of how Defendant's activity constitutes fraud to meet the Rule 9(b) pleading standard (*e.g.*, how did Defendant misrepresent the instruments' terms to Plaintiff and how was Plaintiff wronged by such misrepresentations). *See Glazer Cap. Mgmt., L.P.*, 63 F.4th at 765; *Kearns*, 567 F.3d at 1125.

Since U.C.C. § 3-305(a)(1)(iii) is an affirmative defense and cannot be asserted as an independent cause of action, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** Plaintiff's claim under U.C.C. § 3-305(a)(1)(iii)  (Count 9).

**J.      Count 10: 31 C.F.R. § 328.5 ("Special Endorsement Rights")**

Plaintiff claims that 31 C.F.R. § 328.5 authorizes a holder on an instrument to make a "special endorsement" to obtain payment, that he exercised that right, that Defendant

- 11 -

26cv3167

refused to honor it, and that he suffered lost timely payment, added fees, and credit harm as a result. (*See* ECF No. 1-2 ¶¶ 40–43.)

First, 31 C.F.R. § 328.5 confers no private right of action and does not involve a customer's asserted right to "specially endorse" instruments for payment. This alone is sufficient to dismiss Count 10.

Next, as Defendant argues (ECF No. 3 at 26:19–27:18), 31 C.F.R. Part 328 only governs restrictive endorsements of "U.S. bearer securities." (*See* ECF No. 3 at 27:2–3 (citing 31 C.F.R. § 328.1).) Since Plaintiff fails to plead that any U.S. bearer securities were presented to Defendant or that Defendant refused, Plaintiff's claim under 31 C.F.R. § 328.5 should be dismissed. Additionally, 31 C.F.R. § 328.5 provides form language for endorsement to be placed on a bearer security, including terms such as the "Federal Reserve Bank" and "Fiscal Agent of the United States." However, the language allegedly endorsing Plaintiff's instruments— "For value received, pay to the order of [payee] without recourse," followed by his signature as attorney-in-fact (ECF No. 1-2 ¶ 16(a))—does not contain those terms.

Because 31 C.F.R. § 328.5 confers no private right of action and Plaintiff cannot bring a claim under that provision and Plaintiff does not cite any other law to support his "special endorsement rights," the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** Plaintiff's claim under 31 C.F.R. § 328.5 (Count 10).

### K.   Count 11: 15 U.S.C. § 1605 (Finance Charges / Collusion)

Plaintiff alleges Defendant improperly determined the "finance charge" in a discriminatory manner, and used bureau information as a pretext to impose additional, undisclosed, or inflated charges to penalize him for his credit profile. (*See* ECF No. 1-2 ¶¶ 44–46.)

Section 1605 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, is TILA's definition of "finance charge," not a standalone liability provision. Section 1640 of TILA is the statute's civil remedy, but only provides a private cause of action for certain

26cv3167

failures to make required disclosures.  Plaintiff does not claim Defendant failed to make any disclosures listed under 15 U.S.C. § 1640.

Next, as Defendant argues (ECF No. 3 at 28:11–13), a "finance charge" under Section 1605 of TILA must be "incident to the extension of credit."  *See* 15 U.S.C. § 1605(a).  Plaintiff expressly states the relevant charges were "*not* incident to the extension of credit."  (ECF No. 1-2 ¶ 46.)

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim under 15 U.S.C. § 1605 (Count 11).

## L.      Count 12: U.C.C. § 2-311 (Good-Faith Cooperation)

Plaintiff claims Defendant violated U.C.C. § 2-311 for failure to cooperate in good faith.  Notably, Plaintiff fails to specify what aspect of Defendant's behavior allegedly constitutes a failure to cooperate in good faith.

In addition, U.C.C. § 2-311 governs the sale of goods—and would require Plaintiff to allege Defendant has sold Plaintiff goods, or to explicitly state the agreement between Plaintiff and Defendant was regarding the sale of goods.  Under U.C.C. § 2-105(1), "goods" are defined as:

> All things (including specially manufactured goods) which are movable at the time of identification to the contract for sale, other than the money in which the price is to be paid, investment securities (Article 8), and things in action.

Plaintiff's allegations that Defendant is a "national banking association" (ECF No. 1-2 ¶ 2) and that Plaintiff "maintained foreign-currency accounts" (*id*. ¶ 7) with Defendant implies that Defendant provided banking <u>services</u> to Plaintiff, but not that Defendant has provided any sale of "movable" physical <u>goods</u> under U.C.C. § 2-105(1).  (*See* ECF No. 3 at 29:13–21.)

Thus, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim under U.C.C. § 2-311 for failure to cooperate in good faith (Count 12).

- 13 -

26cv3167

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS IN PART** Defendant's Motion. More specifically, the Court **DISMISSES WITH PREJUDICE** the following causes of action:

1. Count 5: Deprivation of Rights Under Color of Law ("15 U.S.C. § 242");
2. Count 6: Government Obligation (12 C.F.R. § 351.12);
3. Count 9: Fraud under U.C.C. § 3-305(a)(1)(iii); and
4. Count 10: 31 C.F.R. § 328.5 ("Special Endorsement Rights").

The Court **DISMISSES WITHOUT PREJUDICE** the following causes of action:

1. Count 1: Breach of Fiduciary Duty (12 U.S.C. §§ 1841, 1843(f), 1847; 12 C.F.R. § 5.34);
2. Count 2: "Intentional Enrichment" / Foreign-Commerce Violations (12 U.S.C. §§ 503, 615, 461b; 15 U.S.C. § 78c; 15 C.F.R. Part 734);
3. Count 3: U.C.C. Conversion / "WITHOUT RECOURSE" (Cal. U.C.C. §§ 3103, 3301);
4. Count 4: Sherman Act §§ 1 & 2;
5. Count 7: Coercion, Duress, and Racketeering (12 U.S.C. § 411);
6. Count 8: Fraudulent Securitization Disclosure;
7. Count 11: 15 U.S.C. § 1605 (Finance Charges / Collusion); and
8. Count 12: U.C.C. § 2-311 (Good-Faith Cooperation).

Plaintiff is **GRANTED** fourteen (14) days from the date of this Order to file an Amended Complaint curing deficiencies in the claims dismissed without prejudice. Plaintiff must file an Amended Complaint by **July 24, 2026**.

Plaintiff's Amended Complaint must be complete by itself without reference to either of his prior complaints.  Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d

- 14 -

26cv3167

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

**DATED: July 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv3167