**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS DANIEL SANCHEZ,<br>Plaintiff,<br>v.<br>SYNCHRONY BANK N.A.,<br>Defendant. | Case No. 26-cv-03167-BAS-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (ECF No. 18)** |

Plaintiff Marcos Daniel Sanchez, acting pro per, files a motion ("Motion") (ECF No. 18), labeling it a:

1. Counter Motion for Entry of Judgment under the Federal Rule of Civil Procedure 54(b);
2. First Amended Complaint;
3. Amended Motion for Extension of Time to file Response/Reply;
4. Motion for Leave to Amend;
5. Supplemental Motion for Discovery Interrogatories;
6. Amended Motion to Amend/Correct Request for Documents.

As a preliminary matter, each motion must be filed separately. It is not appropriate to combine multiple requests in such fashion. *See* CivLR 5.1.l ("All documents submitted for filing must be filed and captioned separately."); *see also* CivLR 7.1.f.1 ("Each motion or other request for ruling by the Court must include within it a Memorandum of Points and Authorities in support of the motion and a caption listing the nature of the motion, hearing date and time, and the judge who will hear the motion. Where appropriate, a separate or a joint statement of material facts, required declarations or affidavits, or exhibits, must be supplied.").

Furthermore, it is unclear what Plaintiff is opposing or replying to. Lastly, Rule 54(b) is inappropriate since it is only applicable in situations where a final judgment has been entered as to some claims or defendants, but not others. *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 913 (9th Cir. 1999). That is not the situation in this case.

Finally, to the extent Plaintiff is requesting permission to file a Second Amended Complaint, that request is granted. *See* Fed.R.Civ.P. 15(a)(2) (permitting a plaintiff to amend his or her complaint with the court's leave). The Court will construe ECF No. 18 as the First Amended Complaint, and not as any further motion. The Court will consider Defendant's Motion to Dismiss (ECF No. 19) separately.

Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion. (ECF No. 18.)

More specifically, the Court **GRANTS** Plaintiff's request to file a Second Amended Complaint and construes the document filed at ECF No. 18 to be that Second Amended Complaint. Relatedly, Defendants have moved to dismiss this Second Amended Complaint (ECF No. 19), and Plaintiff has failed to respond to Defendants' motion to dismiss.

The Court hereby **ORDERS** Plaintiff to **SHOW CAUSE** for failure to respond to Defendant's Motion to Dismiss by **<u>September 21, 2026</u>**. **If Plaintiff fails to respond by September 21, 2026, the Court will grant Defendant's motion to dismiss**. *Ghazali v.*

*Moran,* 46 F.3d 52, 53 (9th Cir.1995) (holding the failure to file an opposition to a motion to dismiss is grounds for granting the motion); *see* Fed.R.Civ.P. 41(b).

Finally, the Court **DENIES** Plaintiff's other requests.

**IT IS SO ORDERED.**

**DATED: September 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**