UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS DANIEL SANCHEZ,<br>Plaintiff,<br>v.<br>SYNCHRONY BANK N.A.,<br>Defendant. | Case No.: 3:26-cv-03167-BAS-VET<br><br>**ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS**<br><br>**[ECF Nos. 4, 5, 15]** |

On June 22, 2026, Plaintiff Marcos Sanchez filed a Motion to Compel and a Motion for Sanctions (collectively, "Motions"). ECF Nos. 4, 5.[1] Therein, Plaintiff requests that the Court (i) order Defendant Synchrony Bank ("Synchrony") to produce a credit card application and contract (the "Application"), *see* ECF Nos. 4, 4-1 at 3, and (ii) sanction Synchrony for withholding the Application, *see* ECF Nos. 5, 5-1 at 2–3. Plaintiff also asks the Court to enjoin Defendant from further collection activity, billing, or credit reporting pending resolution of the Motions. ECF Nos. 5, 5-1 at 2–3. Synchrony opposes the Motions and requests an award of reasonable expenses in responding to the Motions. ECF No. 15.

[1] The memoranda of points and authorities supporting the Motions are identical. *See* ECF Nos. 4, 5.

For the reasons below, the Court **DENIES** Plaintiff's Motions and **DENIES** Synchrony's request for reasonable expenses.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Synchrony is a federal savings association. ECF No. 26 at 3. On or about May 30, 2024, Plaintiff opened a credit card account with Synchrony. *Id.* at 4. Plaintiff alleges, *inter alia*, that Synchrony improperly reported the account as delinquent to credit bureaus despite accepting Plaintiff's tendered payments on the account. *Id.* at 4–7.

On March 20, 2026, Plaintiff initiated this suit in state court, which Synchrony removed to this Court on May 20, 2026. ECF Nos. 1, 1-2. After Synchrony moved to dismiss, the Court dismissed all of Plaintiff's claims with leave to amend certain claims. ECF Nos. 3, 14. On September 18, 2026, Plaintiff filed his Second Amended Complaint ("SAC"), asserting seven claims based on federal and state law. ECF No. 26. A response to the SAC is not yet on file and, as such, it is unknown whether the pleadings will change. Moreover, no court deadline exists for the parties to conduct a Rule 26(f) conference.[2] *See generally* ECF; Fed. R. Civ. P. 26(f).

## II. DISCUSSION

### A. Motion to Compel

The basis for Plaintiff's Motion to Compel is correspondence purportedly demonstrating that Synchrony improperly withheld the Application. Plaintiff alleges that Synchrony represented in a February 13, 2026 letter that a physical copy of the Application was not available but then stated in an April 30, 2026 letter that "the signature on the . . . application matches one we have on file."[3] No. 4-1 at 1. Because the subsequent letter

---

[2] All references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[3] Plaintiff references Exhibit A in support of this contention, but Exhibit A is dated April 30, 2026. *See* ECF No. 4-1 at 1, 5. Plaintiff also attached correspondence marked as Exhibit B, but it is in Spanish without any certified translation and thus the Court cannot

purportedly contradicts Synchrony's initial statement that the Application was not available, Plaintiff seeks the Application. *Id.* Synchrony argues that the April 30, 2026 letter is a boilerplate letter that provides several options to check and the statement regarding the signature match is not marked. ECF No. 15 at 3. Synchrony produced the April 30, 2026 letter in full showing that, in fact, the statement is not marked. S*ee id.*; ECF No. 15-1 at 4.[4]

Based on a review of the exhibits, it appears that the contradiction Plaintiff identifies does not in fact exist. However, even if the Application was available, Plaintiff's Motion to Compel is premature, meritless, and improper.

First, discovery is not open yet. Unless authorized by the Rules, stipulation, or court order, Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties confer under Rule 26(f). Fed. R. Civ. P. 26(d)(1). There is no evidence that the parties participated in a Rule 26(f) conference, and the Court has not ordered the parties to do so given that the case is still in the pleading stage. Nor does Plaintiff reference any stipulation, order, or Rule otherwise permitting discovery at this juncture. *See generally* ECF No. 4. Second, even if discovery was permissible, there is no evidence that (i) Plaintiff propounded a proper discovery request seeking the Application and (ii) Synchrony improperly withheld it. As such, there is no legal basis to compel the production of the Application. *See* Fed. R. Civ. P. 37(a). Lastly, Plaintiff filed the Motion to Compel without first obtaining leave of Court, in violation of the undersigned's Chambers Rules. J. Torres Civ. R. VIII.D.

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel. Although Plaintiff is proceeding without counsel, the Court reminds Plaintiff that he must still abide

---

verify its contents. *See* ECF Nos. 4-1 at 7–9, 5-1 at 7–9; *see also* Civ. LR 5.1(a) (exhibits to be filed in English "where practicable").

[4] Plaintiff attaches what appears to be a typewritten transcription of the April 30 letter to the Motion to Compel as Exhibit A. *See* ECF No. 4-1 at 5. In response, Synchrony produced a copy of the actual April 30 letter. *See* ECF No. 15-1 at 4.

by all applicable rules, including the Federal Rules of Civil Procedure and the Court's Local Rules and Chambers Rules, regardless of his status as a pro se litigant. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Further, when the pleadings are final, the Court will set deadlines for the Rule 26(f) conference and the production of initial disclosures. The Court will also hold an Early Neutral Evaluation Conference and Case Management Conference and issue a scheduling order governing discovery and other matters in this action. As such, if this case moves past the pleading stage, Plaintiff will have an opportunity to pursue appropriate discovery.

**B. Motion for Sanctions**

Based on Synchrony's alleged misrepresentation concerning the Application and purported failure to produce it, Plaintiff seeks monetary sanctions, terminating sanctions, and an adverse inference. ECF No. 5 at 1–3. In support thereof, Plaintiff relies exclusively on California law. *See id.* (citing, *e.g.*, Cal. Code Civ. Proc. § 128).

As an initial matter, the Court notes that Plaintiff fails to explain why California law and not federal law controls the issue of sanctions in this federal action. However, even liberally construing Plaintiff's Motion for Sanctions as a motion pursuant to Rule 11, no basis exists to sanction Synchrony.[5] *See* Fed. R. Civ. P. 11(b)–(c) (permitting sanctions in limited contexts not applicable here). First, there is no evidence that Synchrony made any misrepresentation. A review of the April 30, 2026 letter, submitted in full by Synchrony, confirms that Synchrony did not make any misrepresentation concerning the Application because the signature match statement is not marked on the letter. *See* ECF Nos. 15 at 3, 15-1 at 4 (showing three statements marked with "X" and no "X" next to statement that "signature on the sales receipt(s) or application matches one we have on file"). Second, as

---

[5] In response, Synchrony notes that "Plaintiff's motion cites California law but tracks Rule 11." ECF No. 15 at 3.

the Court concluded above, there is no evidence Synchrony improperly withheld the Application in response to a discovery request or otherwise failed to comply with any discovery obligation under the discovery Rules.

Accordingly, the Court **DENIES** Plaintiff's Motion for Sanctions in its entirety.

**C. Synchrony's Request for Reasonable Expenses**

Synchrony seeks an award for reasonable expenses incurred in opposing the Motions on the grounds that the Motions were not "substantially justified." ECF No. 15 at 6; *see also* Fed. R. Civ. P. 11(c)(2), 37(a)(5)(B). Synchrony contends that Plaintiff's Motion to Compel was unjustified because Plaintiff did not serve discovery requests or meet and confer before bringing the Motion. ECF No. 15 at 6. Synchrony further argues that Plaintiff's Motion for Sanctions cited to fictional case law, misrepresented the contents of Synchrony's April letter, and unjustifiably accused Synchrony of making a misrepresentation. *Id.*

Synchrony moves for the award of costs (i) under Rule 37(a)(5)(B) in connection with the Motion to Compel and (ii) under Rule 11(c)(2) with respect to the Motion for Sanctions. *Id.* Rule 37 requires courts to award reasonable expenses where it denies a motion to compel unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In turn, Rule 11 gives courts discretion to award reasonable expenses to the party prevailing on a Rule 11(b) motion "if warranted." Fed. R. Civ. P. 11(c)(2).

The Court finds that an award of expenses would be "unjust" and is not "warranted" *at this time*. *See* Fed. R. Civ. P. 11(c)(2), 37(a)(5)(B). While pro se litigants are subject to sanctions under Rules 11 and 37, courts must consider a party's pro se status when considering sanctions. *See, e.g., Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable."). The Court has "discretion to take account of the special circumstances that often arise in pro se situations" because "what is objectively reasonable for a pro se litigant and for an attorney may not be

the same." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). Further, "[R]ule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). The "paramount aim" of sanctions is deterrence of future frivolous and meritless motions. *In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986).

Here, there is no evidence Plaintiff brought the Motions in bad faith. Instead, it appears the Motions stem from confusion or misreading of the relevant correspondence and a lack of understanding of applicable rules. Therefore, considering Plaintiff's pro se status, at this juncture, the Court finds that a warning will suffice to deter unnecessary motion practice in the future. As such, the Court cautions Plaintiff again that he must abide by all applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, and the undersigned's Chambers Rules. Among those rules is a requirement to meet and confer with opposing counsel to resolve discovery issues prior to seeking court intervention. *See, e.g.,* J. Torres Civ. R. VIII.A; CivLR 26.1(a); Fed. R. Civ. P. 37(a)(1). Plaintiff's pro se status is not a license to abuse the litigation process and ignore the rules and orders of this Court. Any future failures to comply with applicable rules or this Court's orders may expose Plaintiff to sanctions, including striking documents and awarding monetary sanctions. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and goes "as far as to dismiss entire actions to rein in abusive conduct").

Based on the foregoing, the Court **DENIES** Synchrony's request for reasonable expenses.

### D. Plaintiff's Citation to Nonexistent Case Law and Holding

Finally, the Court addresses the issue of Plaintiff's citation to nonexistent case law. Based on the Court's research and review of Plaintiff's Motions, Plaintiff makes two misrepresentations concerning case law. First, Plaintiff cites "*Roston v. Jones* (2013) 215 Cal.App.4th 1023," a case that does not exist. *See* ECF Nos. 4-1 at 2, 5-1 at 2. Second,

Plaintiff cites *See v. Seattle*, 387 U.S. 541 (1967) for the proposition that "destruction of evidence . . . gives rise to an inference that the evidence was unfavorable to the spoliator." *See* ECF Nos. 4-1 at 2, 5-1 at 2; *see also* ECF No. 15 at 5 n.5. *See v. Seattle* is a real Supreme Court case, but it does not stand for the referenced proposition. *See id.*, 387 U.S. at 545 (holding that "administrative entry, without consent, upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrant procedure").

Rule 11(b) provides that, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" for modifying existing law. Fed. R. Civ. P. 11(b)(2). "Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025). Such conduct "degrades or impugns the integrity of the Court and interferes with the administration of justice." *Id.* at 1071 (internal quotations omitted). Thus, under Rule 11, the submission of fictitious cases or misstatements concerning case holdings can merit sanctions, including, without limitation, monetary sanctions and striking the filing containing erroneous citations. *See Gregoire v. S.F. Bay Area Rapid Transit Dist.*, No. 25-cv-02150-TSH, 2026 U.S. Dist. LEXIS 100834, at *7–8 (N.D. Cal. May 6, 2026) (collecting cases). The standard under Rule 11 is objective; subjective good faith is not a defense. *Bus. Guides, Inc.*, 892 F.2d at 811.

Here, Plaintiff's pro se status does not excuse his failure to verify the legal authorities cited in the Motions. *Id.* (holding that pro se litigants are subject to Rule 11's objective standard). The Court and opposing counsel have expended time and resources identifying, investigating, and addressing Plaintiff's fabricated and misstated authority, which consumes limited judicial and party resources and delays resolution of case issues. The Court declines at this time to impose monetary sanctions, but warns Plaintiff that any future filing containing fabricated, nonexistent, miscited, or materially misstated authority will

result in sanctions, including monetary sanctions, striking of filings, or other relief the Court deems appropriate.

## III. CONCLUSION

For the above reasons, the Court hereby **DENIES** Plaintiff's Motion to Compel and Motion for Sanctions and **DENIES** Synchrony's request for reasonable expenses.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Honorable Valerie E. Torres
United States Magistrate Judge