**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS DANIEL SANCHEZ,<br>Plaintiff,<br>v.<br>SYNCHRONY BANK N.A.,<br>Defendant. | Case No. 26-cv-03167-BAS-VET<br><br>**ORDER:**<br>**(1) VACATING DEFENDANT'S MOTION TO DISMISS AS MOOT (ECF No. 19); AND**<br>**(2) SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S THIRD AMENDED COMPLAINT (ECF No. 25)** |

On September 11, 2026, the Court issued an Order to Show Cause for Plaintiff Marcos Daniel Sanchez to respond to Defendant Synchrony Bank N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 25.) Although Plaintiff has not responded to Defendant's Motion to Dismiss (ECF No. 19), Plaintiff has filed what appears to be another Amended Complaint, hereinafter the "Third Amended Complaint" (ECF No. 26). The Court, thus, **VACATES** Defendant's Motion to Dismiss **AS MOOT**. (ECF No. 19.)

Next, given that Plaintiff's Third Amended Complaint does not propose a hearing date, the Court sets the following briefing schedule:

| Date | Event |
|---|---|
| October 20, 2026 | Defendant's deadline to file a Motion to Dismiss or Answer |
| October 27, 2026 | Plaintiff's deadline to file a Response to a Motion to Dismiss |
| November 3, 2026 | Defendant's deadline to file a Reply to Plaintiff's Response |
| November 10, 2026 | Hearing date (set for briefing purposes only)[1] |

The Court hereby **ORDERS** Parties follow the briefing schedule above, including for Defendant to respond to Plaintiff's Third Amended Complaint by **October 20, 2026**. The Court further warns Plaintiff that a failure to timely respond to Defendant's Motion to Dismiss the Third Amended Complaint could result in granting the Motion to Dismiss in its entirety. *See* CivLR 7.1.f.3.c (providing that failure to file opposition "may constitute a consent to the granting of a motion."); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995) (holding the failure to file an opposition to a motion to dismiss is grounds for granting the motion); *id.* ("Failure to follow a district court's local rules is a proper ground for dismissal."); Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Lastly, given that Plaintiff has filed three Complaints in the present action (ECF Nos. 1, 18, 26) and Defendant has diligently responded to each one (ECF Nos. 3, 19, 28), the Court hereby **ORDERS** Plaintiff to **SEEK LEAVE** of the court before filing another Amended Complaint. *See* Fed. R. Civ. P. 15(a); *ClearThink Cap. Partners LLC v. Am. Battery Tech. Corp.*, No. 3:25-CV-00435-ART-CLB, 2025 WL 3215922, at *1 (D. Nev. Nov. 17, 2025) (similarly requiring plaintiff to seek leave of court prior to filing another amended complaint under Rule 15(a)); *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (finding key considerations on whether leave to file an amended

[1] *See* Standing Order § 4.B: "[T]he hearing date does not indicate a date when appearances are necessary; rather, it sets the briefing schedule for the motion."

complaint should be granted under Rule 15(a) include: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint—especially the latter)

**IT IS SO ORDERED.**

**DATED: October 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**